UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LEE VARNER, | ) Case No.: |
|       Plaintiffs, | ) |
| v. | ) Hon. |
| NAVIENT SOLUTIONS, INC., | ) |
|       Defendant. | ) |

## COMPLAINT

NOW COMES Plaintiff, LEE VARNER ("Plaintiff"), by and through his attorneys, and hereby alleges the following against Defendant, NAVIENT SOLUTIONS, INC. ("Defendant"):

### Introduction

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction of this action pursuant to 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the acts giving rise to Plaintiff's cause of action occurred in this district as Plaintiff resides in this district and as Defendant transacts business in this district.

### Parties

4. Lee Varner is a natural person at all times relevant residing in Ypsilanti, Michigan.

5. Defendant is a business entity with headquarters in Delaware.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Factual Allegations

7. Defendant places telephone calls to (313) 319-, which is Plaintiff's cellular telephone.

8. These calls are not for emergency purposes.

9. These calls were to collect payments on a student loan.

10. Upon information and good faith belief, and in light of the frequency, number, nature, and character of these calls, Defendant placed them by using an automatic telephone dialing system.

11. On or about June 2, 2016, Plaintiff received a call on his cell phone from Defendant, which called using telephone number (877) 324-8854.

12. On or about June 2, 2016 at 12:41 p.m., Plaintiff called Defendant at phone number (877) 324-8854 and instructed one of Defendant's employees, an individual identifying herself as Serena Roe, to stop calling his cell phone.

13. Defendant continued to use an automatic telephone dialing system to call Plaintiff's cell phone after June 2, 2016.

14. Plaintiff revoked any consent for Defendant to use an automatic telephone dialing system to call his cell phone.

15. One of Defendant's employees, an individual identifying herself as Amber Bean, left pre-recorded voicemails on Plaintiff's cellular telephone.

16. One of Defendant's employees, an individual identifying herself as Jordan and providing employee number E77819, left pre-recorded voicemails on Plaintiff's cellular telephone.

17. One of Defendant's employees, an individual identifying herself as Mary and providing employee number E77440, left pre-recorded voicemails on Plaintiff's cellular telephone.

18. Since June 2, 2016, Defendant called Plaintiff's cell phone at least three hundred forty (340) times.

19. Defendant used an automatic telephone dialing system to place these calls.

20. Defendant placed these calls voluntarily.

21. Defendant placed these calls under its own free will.

22. Defendant had knowledge that it was using an automatic telephone dialing system to place these calls.

23. Defendant willfully used an automatic telephone dialing system to place these calls.

24. Plaintiff revoked any consent, actual or implied, for Defendant to use an automatic telephone dialing system to call his cell phone.

25. Plaintiff is annoyed and feels harassed by Defendant's calls.

### Count I
### Defendant Violated the Telephone Consumer Protection Act

26. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

27.     Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiffs to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for the following:

28.     Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B).

29.     Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C).

30.     All court costs, witness fees and other fees incurred.

31.     Any other relief that this Honorable Court deems appropriate.

                                          Respectfully submitted,

Dated: October 3, 2016                  /s/ Adam T. Hill
                                                          Adam T. Hill
                                                          KROHN & MOSS, LTD.
                                                          10 N. Dearborn St., 3rd Fl.
                                                          Chicago, Illinois 60602
                                                          Telephone:  312-578-9428
                                                          Telefax:  866-861-1390
                                                          ahill@consumerlawcenter.com
                                                          Attorneys for Plaintiff